# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOUGLASS BRIDGEFORD, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PJM-18-2388 |
| GARY RUFF, *Supervisor*, | * | |
| STAFF FORSTER, *Counselor*, | | |
| STAFF DOGGETT, *Counselor,* | * | |
| Defendants | * | |

***

## **MEMORANDUM OPINION**

Douglas Bridgeford is a state inmate incarcerated at the Maryland Correctional Institution in Jessup, Maryland. In this action, Bridgeford is challenging a federal detainer lodged against him. ECF 1. Counsel for the United States has filed an Answer.[1] ECF 8. Bridgeford was notified that he may file a reply, but he has not done so. ECF 9. For reasons discussed below, counsel for the Maryland Department of Public Safety and Correctional Services (DPSCS) shall file a status report within twenty-eight days advising the Court of the date the detainer was lifted.

**I.     Background**

On August 1, 2018, Bridgeford submitted a pro se filing captioned "Motion under USCA 42 §1983 Civil Rights of Prisons Act," challenging the validity of a federal detainer warrant lodged against him on June 27, 2018 for violating his probation. ECF 1, ECF 1-1. Bridgeford alleges the system of warrant and detainers "should not be corrupt" and that it will keep inmates incarcerated longer or "cause hardship towards progress in this system to rehabilitate." ECF 1 at p. 1.

---

[1] Bridgeford names individual state correctional employees as defendants. Because his Motion (ECF 1) challenges the validity of a federal detainer warrant, he is seeking federal habeas under 28 U.S.C. §2241. The proper respondent in a federal habeas action is the Petitioner's custodian, which here is the Warden of Jessup Correctional Institution. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).

Bridgeford alleges the detainer is based on a violation of supervised release warrant which was withdrawn by this Court on February 12, 2013. ECF 1 at p. 2. He therefore claims that the June 27, 2018 detailer is "fraudulent," violates his rights to equal protection and due process, and the Americans with Disabilities Act. *Id*.; ECF 1-1. As relief, Bridgeford asks the Court to advise him that there are no pending warrant or charges with the U.S. Government. ECF 1, p. 3.

The Answer and exhibits provide the following information. Bridgeford has not been in the custody of the United States Marshals Service (USMS) since December 20, 1993. *See* ECF 8, Exhibit A, Declaration of Tom McDaniel, ¶ 2. USMS records show that on December 17, 2004, the USMS lodged a federal detainer against Bridgeford with DPSCS based on a federal violation of supervised release warrant against him. *Id*., ¶ 4. Further review found that on June 27, 2018, during a review of detainers, a USMS employee lodged a renewed detainer against Bridgeford based on this same supervised release warrant. *Id*. At that time, the USMS file did not appear to contain a copy of the Court's dismissal of the warrant. *Id*.

The USMS requested and received a copy of the Court's sealed dismissal of the supervised release warrant (*see* Criminal Case No. JFM-93-00266, ECF 19). *See id*., ¶ 6 & Attachment 1 (e-mail correspondence between USMS and Court, dated August 8, 2018). USMS then e-mailed a notification to the DPSCS that the renewed June 27, 2018 detainer was invalid, and asked DPSCS to take appropriate action. USMS personnel received confirmation that the DPSCS received the message. *Id*. The USMS has requested the DPSCS lift the federal detainer lodged on June 27, 2018. *See* ECF 8-1 Ex. A. The USMS requested confirmation from DPSCS that the detainer has been lifted but did not receive confirmation. *See* ECF 8-2, Exhibit B (email correspondence between USMS and DPSCS, dated February 12 & 27, 2019). Counsel maintains the USMS has provided all relief it is able to provide in response to Bridgeford's request that the Court advise whether there are any pending warrants or charges with "the United States Government." ECF 1, p. 3. The Court agrees.

Because it is unclear whether the DPSCS has taken the steps necessary to lift the June 27, 2018 detainer against Bridgeford, counsel for the DPSCS shall file a status report within twenty-eight advising the Court of the date the federal detainer at issue was lifted. The Court anticipates that upon receipt of the status report, this case will be dismissed as moot. A separate Order follows.

April 15, 2019

          /s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE